UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DAVID SANTANA,**

    **Plaintiff,**

v.                                                              Case No:

**NAVIENT SOLUTIONS, LLC
and GC SERVICES LIMITED
PARTNERSHIP,**                                  **DEMAND FOR JURY TRIAL**

    **Defendants.**
_____/

### PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT

**COMES NOW**, Plaintiff, **DAVID SANTANA** ("Mr. Santana" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendants, **NAVIENT SOLUTIONS, LLC** ("Debt Owner"), and **GC SERVICES LIMITED PARTNERSHIP** ("Debt Collector") (collectively "Defendants"), and in support thereof states as follows:

*Introduction*

1. This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), by attempting to collect such Debt after Defendants knew that Mr. Santana had included the Debt in his Chapter 7

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Santana v. Navient Solutions, LLC and GC Services Limited Partnership*
Page **1** of **14**

bankruptcy case, and by contacting Mr. Santana directly when Defendants had actual knowledge that Mr. Santana was represented by counsel with respect to the alleged Debt.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the FDCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4. Plaintiff, Mr. Santana, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. Further, Mr. Santana is an "alleged debtor" within the meaning of Fla. Stat. § 559.55.

6. At all times material hereto, Debt Collector was and is a limited partnership with its principle place of business in the State of TX, and its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, FL 33324.

7. Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a (6).

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Santana v. Navient Solutions, LLC and GC Services Limited Partnership*
Page **2** of **14**

8. At all times material hereto, Debt Owner was and is a corporation with its principle place of business in the State of VA and its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

9. At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Mr. Santana's alleged debt.

10. At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Mr. Santana's alleged debt for Debt Owner.

11. As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

12. Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Mr. Santana's information.

13. Under information and belief, Debt Owner allowed Debt Collector to enter Mr. Santana's information into Debt Owner's sales or customer systems.

14. Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

15. Under information and belief, Debt Owner approved, wrote, or reviewed a form letter for Debt Collector to use when communicating with Mr. Santana

16. Under information and belief, Debt Owner had actual knowledge of Debt Collector's FDCPA and FCCPA violations when contacting Mr. Santana and Debt Owner failed to stop such violations by Debt Collector.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Santana v. Navient Solutions, LLC and GC Services Limited Partnership*
Page **3** of **14**

17. Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Mr. Santana's debt on behalf of Debt Owner.

### *Statements of Fact*

18. Mr. Santana opened a student loan account with Debt Owner ("Account").

19. Sometime thereafter, Mr. Santana encountered financial difficulties and fell behind on his payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

20. On June 25, 2019, Mr. Santana filed a Chapter 7 Bankruptcy Petition ("Petition") in the U.S. Bankruptcy Court for the Middle District of Florida, Case No. 8:19-bk-05998-CPM ("Bankruptcy Case").

21. Mr. Santana identified Debt Owner as a creditor in his Petition with a total claim of $90.106.97. *See* **Exhibit A, p. 30, § 4.23.**

22. Mr. Santana's Petition also identified his counsel's name and contact information, which notified all of Mr. Santana's creditors, including Debt Owner, that Mr. Santana was represented by counsel with respect to all debts.

23. On or around June 29, 2019, Debt Owner received notice of Mr. Santana's Bankruptcy case via electronic transmission from the Bankruptcy Noticing Center. *See* **Exhibit B.**

24. Despite receiving notice of Mr. Santana's attorney representation and that the Debt was included in his Bankruptcy Case, Debt Owner then sold, assigned, or transferred the Debt to Debt Collector for collection purposes.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Santana v. Navient Solutions, LLC and GC Services Limited Partnership*
Page **4** of **14**

25. Under information and belief, Debt Owner notified Debt Collector about the Bankruptcy Case at the time of the sale, assignment, or transfer of the Account to Debt Collector.

26. In or around July 2019, Debt Collector began sending collection letters directly to Mr. Santana in attempts to collect the Debt.

27. For example, on July 23, 2019, Debt Collector sent Mr. Santana a letter in connection with collection of the Debt ("Collection Letter 1"). *See* **Exhibit C.**

28. Collection Letter 1 was directly addressed to Mr. Santana, demanded a total amount due of $109,822.48, represented that "this is a communication from a debt collector, this is an attempt to collect a debt, and any information obtained will be used for that purpose," and offered options for payment, including by phone or by mail. *See* **Exhibit C.**

29. On August 22, 2019, Debt Collector sent Mr. Santana another letter in connection with collection of the Debt ("Collection Letter 2"). *See* **Exhibit D.**

30. Collection Letter 2 was directly addressed to Mr. Santana, demanded a total amount due of $109,822.48, represented that "this is a communication from a debt collector, this is an attempt to collect a debt, and any information obtained will be used for that purpose," and offered options for payment, including by phone or by mail. *See* **Exhibit D.**

31. On September 26, 2019, the Court entered an order granting Mr. Santana discharge in his Bankruptcy Case ("Discharge Order"). *See* **Exhibit E.**

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Santana v. Navient Solutions, LLC and GC Services Limited Partnership*
Page **5** of **14**

32. On or around September 28, 2019, Debt Owner received notice of the Discharge Order. *See* **Exhibit F.**

33. At no time has the Debt been declared to be non-dischargeable in bankruptcy.

34. At no time has Mr. Santana reaffirmed the subject Debt.

35. Despite Mr. Santana no longer being personally responsible for the Debt pursuant to the Discharge Order and Defendant's knowledge of that fact, Debt Collector continued to communicate with Mr. Santana in attempts to collect the alleged Debt on behalf of Debt Owner.

36. For example on October 5, 2019, Debt Collector sent Mr. Santana another letter in connection with collection of the Debt ("Collection Letter 3"). *See* **Exhibit G.**

37. Collection Letter 3 was directly addressed to Mr. Santana, demanded a total amount due of $109,822.48, represented that "this is a communication from a debt collector, this is an attempt to collect a debt, and any information obtained will be used for that purpose," and offered options for payment, including by phone or by mail. *See* **Exhibit G.**

38. Debt Collector's Collection Letter 1, Collection Letter 2, and Collection Letter 3 (collectively "Collection Letters") were sent to Mr. Santana in an attempt to collect the Debt.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA") (as against Debt Collector)*

39. Mr. Santana re-alleges paragraphs 1-38 and incorporates the same herein by reference.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Santana v. Navient Solutions, LLC and GC Services Limited Partnership*
Page **6** of **14**

40. Mr. Santana is a "consumer" within the meaning of the FDCPA.

41. The subject debt is a "consumer debt" within the meaning of the FDCPA.

42. Debt Collector is a "debt collector" within the meaning of the FDCPA.

43. Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

   a. Debt Collector violated 15 U.S.C. § 1692c(a) by directly mailing the Collection Letters to Mr. Santana after Debt Collector knew Mr. Santana was represented by an attorney with respect to such Debt and had knowledge of, or could readily ascertain, such attorney's name and address.

   b. Debt Collector 15 U.S.C. § 1692e(2)(A) by falsely representing the legal status of the Debt as still personally owed by Mr. Santana and not discharged pursuant to the Discharge Order in Mr. Santana's Bankruptcy Case when it sent him Collection Letters.

   c. Defendant violated 15 U.S.C. § 1692e(10) by sending Mr. Santana Collection Letters in attempt to collect the Debt and falsely representing the legal status of the Debt as not discharged pursuant to the Discharge Order in Mr. Santana's Bankruptcy Case when it sent Mr. Santana Collection Letters.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Santana v. Navient Solutions, LLC and GC Services Limited Partnership*
Page **7** of **14**

      d. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect the Debt that Defendant knew was not permitted by law to collect pursuant to the Discharge Order.

44. As a result of the above violations of the FDCPA, Mr. Santana has been subjected to illegal collection activities for which he has been damaged.

45. Debt Collector's actions have damaged Mr. Santana by violating his right to not be contacted directly regarding the Debt when Debt Collector had actual knowledge that Mr. Santana is represented by counsel with respect to the Debt.

46. Debt Collector's actions have damaged Mr. Santana by invading his privacy.

47. Debt Collector's actions have damaged Mr. Santana by causing him embarrassment.

48. Debt Collector's actions have damaged Mr. Santana by causing him emotional distress.

49. Debt Collector's actions have damaged Mr. Santana by causing him to lose sleep.

50. Debt Collector's actions have damaged Mr. Santana by causing him stress.

51. Debt Collector's actions have damaged Mr. Santana by causing him anxiety.

52. Debt Collector's actions have damaged Mr. Santana by causing him aggravation.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Santana v. Navient Solutions, LLC and GC Services Limited Partnership*
Page **8** of **14**

53. It has been necessary for Mr. Santana to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

54. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

   a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

   b. Awarding actual damages;

   c. Awarding costs and attorneys' fees; and

   d. Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector)*

55. Mr. Santana re-alleges paragraphs 1-38 and incorporates the same herein by reference.

56. Debt Collector violated the FCCPA. Debt Collector's violations include, but are not limited to, the following:

   a. Debt Collector violated Fla. Stat. § 559.72(7) by sending Collection Letters directly to Mr. Santana when Debt Collector knew that Mr. Santana no longer owed the Debt by virtue of Discharge Order.

   b. Debt Collector violated Fla. Stat. § 559.72(9) by misrepresenting the legal right to collect the Debt when Debt Collector knew that no such right existed because the

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Santana v. Navient Solutions, LLC and GC Services Limited Partnership*
Page **9** of **14**

    Debt had been included in the Bankruptcy Case and discharged pursuant to the Discharge Order.

  c. Debt Collector violated Fla. Stat. § 559.72(18) by contacting Mr. Santana after Debt Collector knew Mr. Santana was represented by an attorney with respect to such Debt and has knowledge of, or can readily ascertain, such attorney's name and address.

57. As a result of the above violations of the FCCPA, Mr. Santana has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

58. Debt Collector's actions have damaged Mr. Santana by violating his right to not be contacted directly regarding the Debt when Debt Collector had actual knowledge that Mr. Santana is represented by counsel with respect to the Debt.

59. Debt Collector's actions have damaged Mr. Santana by invading his privacy.

60. Debt Collector's actions have damaged Mr. Santana by causing him embarrassment.

61. Debt Collector's actions have damaged Mr. Santana by causing him emotional distress.

62. Debt Collector's actions have damaged Mr. Santana by causing him to lose sleep.

63. Debt Collector's actions have damaged Mr. Santana by causing him stress.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Santana v. Navient Solutions, LLC and GC Services Limited Partnership*
Page **10** of **14**

64. Debt Collector's actions have damaged Mr. Santana by causing him anxiety.

65. Debt Collector's actions have damaged Mr. Santana by causing him aggravation.

66. It has been necessary for Mr. Santana to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

67. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

    f. Any other and further relief as this Court deems just and equitable.

### *Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Owner)*

68. Plaintiff re-alleges paragraphs 1-38 and incorporates the same herein by reference.

69. Debt Owner violated the FCCPA. Debt Owner's violations include, but are not limited to, the following:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Santana v. Navient Solutions, LLC and GC Services Limited Partnership*
Page **11** of **14**

    a. Debt Owner violated Fla. Stat. § 559.72(9) by attempting to enforce the alleged Debt when Debt Owner sold, assigned, or transferred the Debt to Debt Collector when Debt Owner knew the alleged Debt had been included in the Bankruptcy Case.

70. At all times relevant hereto, Debt Owner was vicariously liable for the actions of Debt Collector.

71. Debt Collector violated the FCCPA. Debt Collector's violations include, but are not limited to, the following:

    b. Debt Collector violated Fla. Stat. § 559.72(7) by sending Collection Letters directly to Mr. Santana when Debt Collector knew that Mr. Santana no longer owed the Debt by virtue of Discharge Order.

    c. Debt Collector violated Fla. Stat. § 559.72(9) by misrepresenting the legal right to collect the Debt when Debt Collector knew that no such right existed because the Debt had been included in the Bankruptcy Case and discharged pursuant to the Discharge Order.

    d. Debt Collector violated Fla. Stat. § 559.72(18) by contacting Mr. Santana after Debt Collector knew Mr. Santana was represented by an attorney with respect to

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Santana v. Navient Solutions, LLC and GC Services Limited Partnership*
Page **12** of **14**

such Debt and has knowledge of, or can readily ascertain,

such attorney's name and address.

72. As a result of the above violations of the FCCPA, Mr. Santana has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

73. Defendant's actions have damaged Mr. Santana by violating his right to not be contacted directly regarding the Debt when Debt Collector had actual knowledge that Mr. Santana is represented by counsel with respect to the Debt.

74. Defendant's actions have damaged Mr. Santana by invading his privacy.

75. Defendant's actions have damaged Mr. Santana by causing him embarrassment.

76. Defendant's actions have damaged Mr. Santana by causing him emotional distress.

77. Defendant's actions have damaged Mr. Santana by causing him to lose sleep.

78. Defendant's actions have damaged Mr. Santana by causing him stress.

79. Defendant's actions have damaged Mr. Santana by causing him anxiety.

80. Defendant's actions have damaged Mr. Santana by causing him aggravation.

81. It has been necessary for Mr. Santana to retain the undersigned counsel to prosecute the instant action, for he is obligated to pay a reasonable attorney's fee.

82. All conditions precedent to this action have occurred.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Santana v. Navient Solutions, LLC and GC Services Limited Partnership*
Page **13** of 14

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

    a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

    g. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, David Santana, demands a trial by jury on all issues so triable.

Respectfully submitted this **October 31, 2019**,

                              */s/ Kaelyn Steinkraus*
                              Kaelyn Steinkraus, Esq.
                              Florida Bar No. 125132
                              kaelyn@zieglerlawoffice.com
                              Law Office of Michael A. Ziegler, P.L.
                              2561 Nursery Road, Suite A
                              Clearwater, FL 33764
                              (p) (727) 538-4188
                              (f) (727) 362-4778
                              *Counsel for Plaintiff*

,

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Santana v. Navient Solutions, LLC and GC Services Limited Partnership*
Page **14** of **14**